1  TERESA C. CHOW (SBN 237694)
   *tchow@bakerlaw.com*
2  ALEXANDER VITRUK (SBN 315756)
   *avitruk@bakerlaw.com*
3  **BAKER & HOSTETLER LLP**
   11601 Wilshire Boulevard, Suite 1400
4  Los Angeles, CA  90025-0509
   Telephone:    310.820.8800
5  Facsimile:    310.820.8859

6  *Attorneys for Defendant*
   THE REGENTS OF THE UNIVERSITY OF
7  CALIFORNIA d/b/a UCSF MEDICAL CENTER

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA d/b/a UCSF MEDICAL CENTER,<br><br>Defendant. | Case No.: 3:23-cv-00598-WHO<br><br>**DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S NOTICE OF MOTION AND MOTION TO STRIKE PUNITIVE DAMAGES**<br><br>*[Filed Concurrently with (Proposed) Order on Motion to Strike]*<br><br>Date:           March 29, 2023<br>Time:           2:00 p.m.<br>Location:     Ctrm 2, 17th Floor<br><br>Action Filed:          07/25/2022<br>Am. Action Filed:   01/05/2023 |

**TO THE HONORABLE COURT, AND TO PLAINTIFF AND HER COUNSEL OF RECORD HEREIN:**

**NOTICE IS HEREBY GIVEN** that on March 29, 2023, at 2:00 p.m., in Courtroom 2, 17th floor of the above-entitled Court located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant THE REGENTS OF THE UNIVERSITY OF CALIFORNIA ("Defendant") will and hereby does move the Court to strike portions of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(f) and California Gov. Code § 818 on the ground that Plaintiff seeks damages not recoverable as a matter of law, as more fully argued below, in Defendant's further papers filed in support of this motion, and at the hearing hereon.

Defendant moves the Court to strike the following portions of Plaintiff's Complaint:

1. Paragraph 113, "Plaintiff and Class members seek statutory damages in accordance with Cal. Penal Code § 637.2(a), which provides for the greater of: (1) $5,000 per violation; or (2) three times the amount of damages sustained by Plaintiff and the Class in an amount to be proven at trial…."

2. Paragraph 131, "Plaintiff and Class members are also entitled to punitive damages resulting from the malicious, willful, and intentional nature of UC Regents' actions, directed at injuring Plaintiff and Class members in conscious disregard of their rights. Such damages are needed to deter UC Regents from engaging in such conduct in the future."

3. Paragraph 143, "Plaintiff and Class members seek appropriate relief for that injury, including but not limited to damages that will reasonably compensate Plaintiff and Class members for the harm to their privacy interests…."

4. Paragraph 144, "Plaintiff and Class members are also entitled to punitive damages resulting from the malicious, willful, and intentional nature of UC Regents' actions, directed at injuring Plaintiff and Class members in conscious disregard of their rights. Such damages are needed to deter UC Regents from engaging in such conduct in the future."

2

DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S NOTICE
OF MOTION AND MOTION TO STRIKE; CASE NO.: 3:23-CV-00598-WHO

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

5. Paragraph 154, "(1) nominal damages of $1,000 per violation … (3) statutory damages pursuant to Civil Code § 56.36(c)".

6. Paragraph 161, "(1) nominal damages of $1,000 per violation … (3) statutory damages pursuant to Civil Code § 56.36(c)".

7. Paragraph 167, "(1) nominal damages of $1,000 per violation … (3) statutory damages pursuant to Civil Code § 56.36(c); (4) punitive damages pursuant to Civil Code § 56.35".

8. Prayer for Relief, "and punitive damages where applicable".

Dated: February 21, 2023         **BAKER & HOSTETLER LLP**

By:   */s/Teresa C. Chow*
          TERESA C. CHOW

*Attorneys for Defendant*
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA d/b/a UCSF MEDICAL CENTER

**MEMORANDUM OF POINTS & AUTHORITIES**

**I.     INTRODUCTION**

In her suit against the University of California Regents (the "Regents"), Plaintiff Jane Doe ("Plaintiff") improperly requests punitive damages against a public entity in contravention of California Gov. Code § 818 and binding case law, which expressly provide that punitive damages are not available against public entities. The policy behind the statute is clear because imposing such damages comes with significant costs: "[P]unitive damage awards against a municipality are against sound public policy" and "'burden the very taxpayers and citizens for whose benefit the wrongdoer has been chastised.'" *Pearl v. City of Los Angeles*, 36 Cal. App. 5th 475, 486 (2019) (quoting *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 263 (1981)). Indeed, punitive damages generally serve only two goals—"retribution and deterrence," and certainly not compensation for actual damages. *X.M. v. Super. Ct.*, 68 Cal. App. 5th 1014, 1022-23 (2021). Allowing recovery from public entities of damages "over and above the amount necessary to compensate the injured party" serves only to bestow an unfair "windfall to a fully compensated plaintiff." *Id.* With this in mind, the Court should strike each of Plaintiff's improper damages requests, as explained below.

*First*, Plaintiff expressly seeks punitive damages against the Regents for alleged privacy violations under (a) California's Constitution; (b) her invasion of privacy - intrusion upon seclusion claim; and (c) Section 56.10 of the California Confidentiality of Medical Information Act ("CMIA"). Those requests—which facially contravene Gov. Code § 818—should be stricken as a matter of law.

*Second*, Plaintiff also seeks to recover statutory damages under the California Invasion of Privacy Act, Cal. Pen. Code § 631 ("CIPA"), seeking the greater of "$5,000 per violation" or treble damages against the Regents under this criminal statute. Because such damages go well beyond what is necessary to compensate the plaintiff, they are punitive and should be stricken as to the Regents under Gov't Code § 818.

*Third*, Plaintiff seeks to recover statutory damages under the CMIA, seeking "nominal damages of $1,000" for each alleged violation of Sections 56.06, 56.101, and 56.10. *See* Ex. A at ¶¶ 154, 161, 167. Given the allegations in her complaint, Plaintiff wants the Regents to pay

4

DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S NOTICE
OF MOTION AND MOTION TO STRIKE; CASE NO.: 3:23-CV-00598-WHO

Baker & Hostetler LLP
Attorneys at Law
Los Angeles

thousands or even hundreds of thousands of dollars (UCSF Health[1] has more than 2.5 million patients and the putative class definition is not even limited to patients, but rather extends to anyone in the country that used UCSF Health's website). Under prevailing case law, such damages are penal—not compensatory, and would only hurt the California taxpayer. *See, e.g., Pearl,* 36 Cal. App. 5th at 486. Given the Regents' public entity status, these damages requests should be stricken.

*Finally*, Plaintiff's request for damages for an alleged invasion of privacy under the California Constitution fails because California's Constitution does not afford a right to damages.

The Regents respectfully urge the Court to grant this motion to strike.

## II.     BACKGROUND[2]

Defendant Regents is a nonprofit public entity that operates the UCSF Health healthcare system. *See* Dkt. 1; Ex. A at ¶ 1. Plaintiff has brought nine claims against the Regents: (1) violation of CIPA; (2) violation of Section 56.10 of the CMIA; (3) violation of Section 56.06 of the CMIA; (4) violation of Section 56.101 of the CMIA; (5) invasion of privacy – intrusion upon seclusion; (6) violation of California Constitution, Article I, Section 1; (7) breach of contract; (8) breach of implied contract; and (9) unjust enrichment. *See id*. at ¶¶ 103-189.

Plaintiff generally alleges that, through the use of the Meta Pixel, the Regents discloses patients' "sensitive health information" to Meta when patients use the UCSF Health website and use the patient portal. *See, e.g.,* Ex. A at ¶ 7. Plaintiff alleges the Regents embedded the Meta Pixel on the UCSF Health website and portal. *Id.* at ¶¶ 7-8, 111, 152.

Plaintiff broadly seeks "punitive damages where applicable" against the Regents. *See* Ex. A at 34; Prayer for Relief (c). Plaintiff also specifically requests punitive damages for alleged violations of (a) California's Constitution; (b) invasion of privacy - intrusion upon seclusion; and (c) Section 56.10 of the CMIA. *Id.* at ¶¶ 131, 144, 167.

---

[1] UCSF Health is operated and managed by the the Regents. *See* Compl. ¶1.

[2] Here the Regents only provide background pertinent to this motion. More comprehensive background information is provided in the concurrently-filed motion to dismiss.

5

DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S NOTICE
OF MOTION AND MOTION TO STRIKE; CASE NO.: 3:23-CV-00598-WHO

Plaintiff also requests CIPA statutory damages of "$5,000 per violation" or treble damages (whichever is "greater"),[3] and "damages" broadly for alleged violations of California's Constitution. *See* Ex. A at ¶¶ 113, 143.

Plaintiff also requests "nominal damages of $1,000 per violation" of Sections 56.06, 56.101, and 56.10 of the CMIA. *See* Ex. A at ¶¶ 154, 161, 167. She also requests "statutory damages pursuant to Civil Code § 56.36(c)" for each alleged violation of Sections 56.06, 56.101, and 56.10. *Id*.

### III.  LEGAL ARGUMENT

#### A.  APPLICABLE LEGAL STANDARDS UNDER FED. R. CIV. P. 12(F).

Fed. R. Civ. P. Rule 12(f) empowers the Court to "order stricken from any pleading ... any redundant, immaterial, impertinent, or scandalous matter."[4] Matter is "immaterial" if it has no essential or important relationship to the claim for relief or defenses pleaded. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). Allegations are "impertinent" if neither responsive nor relevant to the issues involved in the action and they could not be put in issue or given in evidence between the parties. *Gilbert v. Eli Lilly & Co., Inc.*, 56 F.R.D. 116, 120 n. 6 (D.P.R. 1972). Matters may also be stricken by a court to reduce trial complication and "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Further, "[u]nder Rule 12(f), courts have authority to strike a prayer for relief seeking damages that are not recoverable as a matter of law." *Jacobsen v. Katzer*, 609 F.Supp.2d 925, 935 (N.D. Cal. 2009). *See also Wells v. Bd. of Trustees of Cal. State Univ.*, 393 F.Supp.2d 990, 994 (N.D. Cal. 2005) (same); *Tapley v. Lockwood Green Eng'rs*, 502 F.2d 559, 560 (8th Cir. 1974) (same).

---

[3] Cal. Penal Code § 637.2 allows "for the greater of the following amounts: (1) Five thousand dollars ($5,000) per violation," or "[t]hree times the amount of actual damages, if any, sustained by the plaintiff." As the Regents' motion to dismiss illustrates, Plaintiff has not alleged facts showing how she has been harmed. Plaintiff will surely seek to recover "$5,000 per violation."

[4] Some courts have construed motions to strike punitive damages as motions for judgment on the pleadings. *See, e.g., Lopez v. Cnty. of Tulare,* No. CV-F-11-1547-LJO-BAM, 2012 WL 33244, at *12 (E.D. Cal. Jan. 6, 2012).

6

DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S NOTICE
OF MOTION AND MOTION TO STRIKE; CASE NO.: 3:23-CV-00598-WHO

**B. PLAINTIFF'S EXPRESS REQUESTS FOR PUNITIVE DAMAGES FAIL BECAUSE PUBLIC ENTITIES LIKE THE REGENTS CANNOT BE HELD LIABLE FOR THEM.**

As noted, Plaintiff expressly requests punitive damages "**where** applicable" and for alleged privacy violations under (a) California's Constitution (Ex. A at ¶ 131), (b) Section 56.10 of the CMIA (*id*. at ¶ 144), as well as her intrusion upon seclusion claim (*id*. at ¶ 167). Those requests should be stricken because the Regents is a public entity that cannot be held liable for punitive damages under Cal. Gov. Code § 818.

In relevant part, Cal. Gov. Code. § 818 states: "a public entity is not liable for . . . damages imposed primarily for the sake of example and by way of punishing the defendant." After all, "punitive damage awards against a municipality are against sound public policy" and "'burden the very taxpayers and citizens for whose benefit the wrongdoer has been chastised.'" *Pearl*, 36 Cal. App. 5th at 486 (quoting *Newport*, 453 U.S. at 263). Stated differently, punitive damages "are in effect a windfall to a fully compensated plaintiff, and are likely accompanied by an increase in taxes or a reduction of public services for the citizens footing the bill. Neither reason nor justice suggests that such retribution should be visited upon the shoulders of blameless or unknowing taxpayers." *X.M. v. Super. Ct*., 68 Cal. App. 5th 1014, 1022 (2021).

Cal. Gov. Code § 811.2 expressly defines a 'public entity' to include "the Regents of the University of California, the Trustees of the California State University and the California State University. . . ." California courts, including this Northern District, have thus routinely held that the Regents is a public entity and therefore immune from punitive damages under Cal. Gov. Code. § 818. *See Miklosy v. Regents of Univ. of Cal.*, 44 Cal. 4th 876, 889 (2008) (describing the Regent's "unique constitutional status" as a body established by the California Constitution "as a 'public trust ... with full powers of organization and government.'" (quoting Cal. Const., art. IX, § 9(a))).

Accordingly, as a public entity under Cal. Gov. Code § 811.2, the Regents cannot be held liable for punitive damages as a matter of law pursuant to Cal. Gov. Code. § 818. The Court should therefore strike Plaintiff's express requests for punitive damages against the Regents.

7

DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S NOTICE OF MOTION AND MOTION TO STRIKE; CASE NO.: 3:23-CV-00598-WHO

### C. THE COURT SHOULD STRIKE THE STATUTORY AND TREBLE DAMAGES PLAINTIFF SEEKS UNDER CALIFORNIA PENAL CODE § 631 BECAUSE THEY ARE PUNITIVE—NOT COMPENSATORY.

Cal. Penal Code § 637.2(a) allows "for the greater of the following amounts: (1) Five thousand dollars ($5,000) per violation," or "(2) Three times the amount of actual damages, if any, sustained by the plaintiff." A plaintiff can recover these amounts even if they have not suffered any "actual damages." Cal. Penal Code § 637.2(c). Under prevailing case law, such additional damages are non-compensatory and therefore punitive and barred by Cal. Gov't Code § 818.

For public entities like the Regents, the California Supreme Court has made clear that plaintiffs cannot circumvent Cal. Gov't Code § 818 by requesting damages that are even "partially penal [in] nature." *See Dubois v. Workers' Comp. Appeals Bd*., 5 Cal. 4th 382, 397-99 (1993) (holding that such damages requests are not recoverable against public entities). That means a plaintiff cannot recover any damages against a public entity that goes "'beyond those [legal judgment amounts] *strictly necessary to recompense the injured party*.'" *See X.M.*, 68 Cal. App. 5th at 1022 (quoting *Wells v. One2One Learning Found*., 39 Cal. 4th 1164, 1196 n.20 (2006)) (emphasis added). Stated differently, Section 818 "limit[s] exposure to actual compensatory damages," and to the extent damages are "in addition to actual damages and beyond the equivalent of harm done," that non-compensatory overage is necessarily "punitive," and thus nonrecoverable from a public entity. *See K.M. v. Grossmont Union High Sch. Dist.,* 84 Cal. App. 5th 717, 742-43 (2022). In short, anything more than compensatory is punitive and therefore barred as to public entities under Cal. Gov't Code § 818.

Whether or not the requested damages are labeled "punitive" is not dispositive—courts look to the actual function of the damages. *See, e.g., K.M.,* 84 Cal. App. 5th at 742-50 (disallowing statutory damages against a public entity for lack of a "compensatory purpose"). In fact, California courts have routinely disallowed statutory damages that are punitive function yet not expressly labeled "punitive" in the statute. *See, e.g., id*.; *DuBois*, 5 Cal. 4th at 397-99 (holding that Section 818 prevents a plaintiff from recovering statutory damages under Cal. Labor Code § 5814 against a public entity); *X.M*., 68 Cal. App. 5th at 1029-31 (striking statutory damages under Cal. Code Civ. Proc. § 340.1 and Assembly Bill 218 against a public entity).

8

DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S NOTICE
OF MOTION AND MOTION TO STRIKE; CASE NO.: 3:23-CV-00598-WHO

On that note, courts have explained that statutory damages under CIPA serve to punish the defendant. *See Friddle v. Epstein*, 16 Cal. App. 4th 1649, 1660 (1993) ("Section 637.2 is fairly read as establishing that no violation of the privacy act is to go unpunished."). The Central District of California has similarly described the statutory damages available under the CIPA as a "penalty." *Medeiros v. HSBC Card Servs.*, No. CV 15-9093 JVS, 2017 WL 11632870, at *5 (C.D. Cal. Oct. 23, 2017); *see also Romero v. Securus Techs.*, 331 F.R.D. 391, 411 (S.D. Cal. Nov. 21, 2018) (same); *see also Osgood v. Main Street Mktg., LLC*, No. 16CV2415 GPC BGS, 2018 WL 11408586, at *4 (S.D. Cal. Aug. 20, 2018) (describing CIPA § 637.2(a) as a "penalty provision.").

After all, CIPA allows for potential statutory penalties of $5,000 "*per violation*." *See* Cal. Penal Code § 637.2(a)(1) (emphasis added). The CIPA also lives in the California *Penal* Code (Cal. Penal Code § 631), the primary set of statutes that define *criminal* offenses and *criminal* procedures under state law. *See* Cal. Penal Code § 1 (the Penal Code consists of four parts, "of crimes and punishments," "of criminal procedure," "of state prison and county jails," and "of prevention of crimes and apprehension of criminals"). Section 631 may be found within "Part 1. Of Crimes and Punishments," and more specifically "Title 15. Miscellaneous Crimes." The penalty provision of the statute even specifies: "It is not a necessary prerequisite to an action pursuant to this section that the plaintiff has suffered, or be threatened with, actual damages." Cal. Penal Code § 637.2(c). With all of this in mind, the "statutory penalty" of $5,000 "per violation" in Cal. Penal Code § 637.2(a)(1) is at least "partially penal" and therefore barred against the Regents under Cal. Gov't Code § 818. *Dubois*, 5 Cal. 4th at 398; *Osgood*, 2018 WL 11408586 at *4; *Friddle*, 16 Cal. App. 4th at 1660.

Cal. Penal Code § 637.2(a)(1)-(2) also only allows a plaintiff to recover the aggregate of $5,000 "per violation" if that amount is "greater" than "[t]hree times the amount of actual damages, if any, sustained by the plaintiff" (*i.e.*, treble damages). In other words, under either subsection (a)(1) or (a)(2), defendants would be required to pay more than what is necessary to fully compensate them for their injury.

As for treble damages themselves, they are "punitive in nature." *Imperial Merchant Services, Inc. v. Hunt*, 47 Cal.4th 381, 394 (2009). *See also Circle Oaks Sales Co. v. Smith,* 16

9

DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S NOTICE
OF MOTION AND MOTION TO STRIKE; CASE NO.: 3:23-CV-00598-WHO

Cal.App.3d 682, 684-685 (1971) ("[A] treble damages award is punitive in nature, imposed as punishment against the defendant, rather than compensation to the plaintiff."). As the Supreme Court further explained: "The very idea of treble damages reveals an intent to punish past, and to deter future, unlawful conduct, not to ameliorate the liability of wrongdoers." *Texas Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 639 (1981); *see also Vermont Agency of Nat. Resources v. U.S. ex rel. Stevens*, 529 U.S. 765, 784 (2000) (holding that a state could not be considered a "person" subject to the amended False Claims Act because the new treble damages provision was "essentially punitive").

Accordingly, California courts have consistently held that similar treble damages provisions are punitive, not compensatory. *See, e.g., K.M.*, at 742-50 (disallowing treble damages against public entity under Cal. Civ. Proc. § 340.1 and statute addressing childhood sexual abuse); *X.M.*, 68 Cal. App. 5th at 1029-31 (same)[5]; *see also Los Angeles Unified Sch. Dist. v. Super. Ct.*, 64 Cal. App. 5th 549, 558 (2021) (same).[6] The Court should therefore strike the treble damages Plaintiff requests in the alternative.

Under *Dubois*, *Medeiros*, and related authorities, the statutory damages Plaintiff seeks against the Regents under the CIPA are, *at minimum*, "partially penal [in] nature." Because such penalties are not allowed against public entities, the Court should strike Plaintiff's requests.

### D. THE COURT SHOULD ALSO STRIKE THE STATUTORY DAMAGES[7] PLAINTIFFS SEEK UNDER THE CMIA BECAUSE THEY ARE SIMILARLY PUNITIVE.

The CMIA expressly allows for $1,000 statutory damages under Section 56.36 *in addition to* "actual" damages. Cal. Civ. Code § 56.36(b). Under prevailing case law, such additional damages are non-compensatory and therefore punitive and barred by Cal. Gov't Code § 818.

As noted, even "partially penal" damages provisions are not recoverable against public

---

[5] Although the petition for California Supreme Court review was granted (*M. (X.) v. S.C.*, 499 P.3d 281 (Cal. 2021)), the case was subsequently dismissed.

[6] The petition for California Supreme Court review was granted in this case as well. *Los Angeles Unified Sch. Dist. v. S.C.*, 493 P.3d 195 (Cal. 2021).

[7] The Regents expressly reserves the argument that, should any "nominal damages" be allowed and any class be certified, the "nominal damages" may only apply once per action, not once per violation. This is consistent with the plain text of the statute and substantive due process.

10

DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S NOTICE
OF MOTION AND MOTION TO STRIKE; CASE NO.: 3:23-CV-00598-WHO

entities. *See DuBois*, 5 Cal. 4th at 397-99. This is a low bar because "[n]either reason nor justice suggests that such retribution should be visited upon the shoulders of blameless or unknowing taxpayers." *See X.M.*, 68 Cal. App. 5th at 1022. In *Dubois*, the California Supreme Court held that Section 818 prevents a plaintiff from recovering under Cal. Labor Code § 5814 even though it recognized that the statute was designed at least in part for a "protective purpose"—namely, "to encourage timely payments of compensation to injured working people"—rather than a punitive one. *Id*. at 396-99.

Here, Plaintiff seeks $1,000 statutory damages under Section 56.36 of the CMIA and unspecified "statutory damages pursuant to Civil Code § 56.36(c)" for each of her three CMIA claims. *See* Ex. A at ¶¶ 154, 161, 167. The plain text, case law, and legislative history all make clear that these damages are punitive—not compensatory.

With respect to the $1,000 statutory damages under Section 56.36(b), the statute allows plaintiffs to recover two types of damages: first, the statute allows plantiffs to recover "actual" damages. Cal. Civ. Code § 56.36(b). Second, the statute allows plaintiffs to recover an additional $1,000. *Id*. Although those statutory damages are labeled "nominal," the statute provides that, in order to recover the additional $1,000, "it is not necessary that the plaintiff suffered or was threatened with actual damages." *Id*. Nominal damages thus exist "in addition to" any actual harm suffered, and so are "by definition" "[p]unitive." *State Dep't of Corr. v. Workmen's Comp. App. Bd.*, 5 Cal. 3d 885, 891 (1971) ("Punitive damages are by definition in addition to actual damages and beyond the equivalent of harm done."). This is further illustrated by Plaintiff seeking "nominal damages" separate from and in addition to "actual damages" for her three CMIA claims. *See* Ex. A at ¶¶ 154, 161, 167.

The California Court of Appeal has also described the damages available under Section 56.36(b) as "*noncompensatory* nominal statutory damages," designed to "*serve as [a] penalty.*" *Brown v. Mortenson*, 30 Cal. App. 5th 931, 941 (2019) (emphasis added). Even the legislative history explains that the provision was intended as a "penalt[y]" to "deter" violations. Bill Analysis, Assemb. Comm. On Judiciary at 9-10, S.B. 19, 1999-2000 Leg. Sess. (July 13, 1999) ("While the new civil penalties in the bill appropriately apply to 'knowing and willful' violations, the author

11

DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S NOTICE
OF MOTION AND MOTION TO STRIKE; CASE NO.: 3:23-CV-00598-WHO

believes that lesser penalties for negligent conduct that leads to an unauthorized disclosure should also be included in order to deter those releases as well"). Citing to this legislative history, the California Court of Appeal in *Vigil v. Muir Med. Grp. IPA, Inc.*, explained the legislative history "suggests that the purpose of the penalties under [] section [56.36(b)] is deterrence, which in turn indicates that the increased penalties were intended to correspond with the increased culpability of the person or entity that discloses or uses medical information in violation of the CMIA." 84 Cal. App. 5th 197, 219-220 (2002), *review denied* (Jan. 25, 2023) (citing to S.B. 19).

Plaintiff also cannot recover damages under Section 56.36(c) of the CMIA, which can only be recovered by certain government officials in an action "brought in the name of the people of the State of California." *See* Cal. Civ. Code § 56.36(f); *see also* Cal. Civ. Code § 56.36(e)(1). *See also Vigil*, 84 Cal. App. 5th at 219 n.6 ("Subdivision (c) of section 56.36 sets forth *administrative fines and penalties*") (emphasis added). This damages request should also be stricken.

In sum, the various statutory damages Plaintiffs request under Civ. Code § 56.36(b) were intended to function, and do function, as a penalty—and so are barred. The Regents respectfully urge the Court to strike those damages requests.

### E. PLAINTIFF'S CLAIM FOR DAMAGES FOR ALLEGED PRIVACY VIOLATIONS UNDER CALIFORNIA'S CONSTITUTION SHOULD BE STRICKEN BECAUSE CALIFORNIA'S CONSTITUTION DOES NOT ALLOW FOR AN AWARD OF MONETARY DAMAGES.

Finally, Plaintiff's claim for damages for an alleged invasion of privacy under the California Constitution fails because California's Constitution does not afford a right to money damages. California state and federal courts have held that, "[a]lthough citizens have a private cause of action against public entities for violation of the right to privacy, no case has ever held that California Constitution, article I, section 1, imposes a mandatory duty on public entities to protect a citizen's right to privacy. The constitutional mandate is simply that the government is prohibited from violating the right; if it does, an aggrieved citizen may seek an injunctive remedy in court." *Clausing v. S.F. Unified Sch. Dist.*, 221 Cal. App. 3d 1224, 1238, 271 Cal. Rptr. 72 (1990); *see also Blanco v. Cty. Of Kings*, 142 F.Supp.3d 986, 1001 (E.D. Cal. 2015) ("California Constitutional right to privacy contained in article 1, section 1 does not give rise to a cause of action for money

12

DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S NOTICE
OF MOTION AND MOTION TO STRIKE; CASE NO.: 3:23-CV-00598-WHO

damages"); *Novel v. L.A. Cnty.*, No. 2:19-cv-01922-RGK-AGR, 2019 WL 7940676, at *7 (C.D. Cal. July 23, 2019) ("while a plaintiff can sue to stop the government from violating its right to privacy, a plaintiff may not recover monetary damages for the violation"); *Federated Univ. Police Officers' Ass'n v. The Regents of the Univ. of Cal.*, No. SACV 15-00137-JLS (RNBx), 2015 WL 13273308, at *13 (C.D. Cal. July 29, 2015) (striking "Plaintiffs' request for damages to the extent that it is based on Plaintiffs' invasion of privacy claim," "because the privacy provision of the California Constitution does not afford a right to damages.").

Accordingly, Plaintiff's request for monetary damages for an alleged privacy violation of the California Constitution fails as a matter of law, and should be stricken.

## IV. CONCLUSION

For the foregoing reasons, the Regents respectfully requests that the Court strike portions of Plaintiff's Complaint as set forth herein.

Dated: February 21, 2023          **BAKER & HOSTETLER LLP**

By:   */s/Teresa C. Chow*
         TERESA C. CHOW

*Attorneys for Defendant*
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA d/b/a UCSF MEDICAL CENTER

# CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and service via transmittal of a Notice of Electronic Filing on the following:

| | |
|---|---|
| James M. Wagstaffe (95535)<br>Frank Busch (258288)<br>**WAGSTAFFE, VON LOEWENFELDT,**<br>**BUSCH & RADWICK LLP**<br>100 Pine Street, Suite 2250<br>San Francisco, CA 94111<br>Tel:     (415) 357-8900<br>Fax:    (415) 357-8910<br>Emails: *wagstaffe@wvbrlaw.com*<br>           *busch@wvbrlaw.com* | *Attorneys for Plaintiff*<br>JANE DOE, individually and on behalf of all other persons similarly situated |

I further certify that a copy of the foregoing document was mailed via U.S. Mail and transmitted via e-mail to the person(s) listed below:

| | |
|---|---|
| Christian Levis<br>Amanda Fiorilla<br>Rachel Kesten<br>**LOWEY DANNENBERG, P.C.**<br>44 South Broadway, Suite 1100<br>White Plains, NY 10601<br>Tel:     (914) 997-0500<br>Fax:    (914) 997-0035<br>Emails: *clevis@lowey.com*<br>           *afiorilla@lowey.com* | *Attorneys for Plaintiff*<br>JANE DOE, individually and on behalf of all other persons similarly situated |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 21, 2023, at Los Angeles, California.

_____
Nancy L. Brazil