TERESA C. CHOW (SBN 237694)
*tchow@bakerlaw.com*
ALEXANDER VITRUK (SBN 315756)
*avitruk@bakerlaw.com*
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-0509
Telephone:    310.820.8800
Facsimile:     310.820.8859

PAUL G. KARLSGODT (admitted *pro hac vice*)
*pkarlsgodt@bakerlaw.com*
**BAKER & HOSTETLER LLP**
1801 California Street Suite 4400
Denver, CO 80202
Telephone:    303.861.0600
Facsimile:     303.861.7805

JAMES R. MORRISON (admitted *pro hac vice*)
*jmorrison@bakerlaw.com*
**BAKER & HOSTETLER LLP**
999 Third Ave. Suite 3900
Seattle, WA 98104
Telephone:    206.332.1380
Facsimile:     206.624.7317

*Attorneys for Defendant*
THE REGENTS OF THE UNIVERSITY OF
CALIFORNIA d/b/a UCSF MEDICAL CENTER

[*See Additional Counsel on Next Page*]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA d/b/a UCSF MEDICAL CENTER,<br><br>                    Defendant. | Case No.: 3:23-cv-00598-WHO<br><br>Hon. William H. Orrick<br><br>**STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF DISCOVERY MATERIAL** |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

CHRISTIAN LEVIS (admitted *pro hac vice*))
*clevis@lowey.com*
AMANDA FIORILLA (admitted *pro hac vice*)
*afiorilla@lowey.com*
RACHEL KESTEN (admitted *pro hac vice*)
*rkesten@lowey.com*
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone:     914.997.0500
Facsimile:     914.997.0035

JAMES M. WAGSTAFFE (SBN 94435)
*wagstaffe@wvbrlaw.com*
FRANK BUSCH (SBN 258288)
*busch@wvbrlaw.com*
**WAGSTAFFE, VON LOEWENFELDT,
BUSCH & RADWICK LLP**
100 Pine Street, Suite 2250
San Francisco, CA 94111
Telephone:     415.357.8900
Facsimile:     415.357.8910

*Attorneys for Plaintiff* JANE DOE

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

2

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1      Pursuant to Fed. R. Civ. P. 26(c), IT IS HEREBY STIPULATED AND AGREED, by and

2    among Plaintiff Jane Doe ("Plaintiff"), and Defendant THE REGENTS OF THE UNIVERSITY

3    OF CALIFORNIA d/b/a UCSF MEDICAL CENTER "Defendant") (each a "Party," and

4    collectively, the "Parties"), by and through their undersigned counsel that the Court may enter the

5    following Stipulation and [Proposed] Protective Order Governing Confidentiality of Discovery

6    Material ("Order"):

7    **I.**    **PURPOSES AND LIMITATIONS**

8      Disclosure and discovery activity in the above-captioned action (the "Action") are likely to

9    involve production of confidential, proprietary, or private information for which special protection

10   from public disclosure and from use for any purpose other than prosecuting this litigation may be

11   warranted. Accordingly, the Parties hereby stipulate to and request that the Court enter this Order.

12   The Parties acknowledge that this Order does not confer blanket protections on all disclosures or

13   responses to discovery and that the protection it affords from public disclosure and use extends

14   only to the limited information or items that are entitled to confidential treatment under the

15   applicable legal principles. The Parties further acknowledge, as set forth in Section XIV.D, below,

16   that this Order does not entitle them to file confidential information under seal; N.D. Cal. Civil

17   Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be

18   applied when a Party seeks permission from the Court to file material under seal.

19   **II.**    **DEFINITIONS**

20     A.    "Discovery Material" means all documents, items or other information, regardless

21   of medium or manner in which it is generated, stored, or maintained, that are produced or generated

22   in disclosures or responses to discovery in the Action. Discovery Material may include, but is not

23   limited to, deposition testimony and transcripts, answers to interrogatories, documents and tangible

24   things produced by a Party or non-party, and responses to requests for admission.

25     B.    "Designating Party" means the Party or Non-Party that designates Discovery

26   Material as Confidential Discovery Material in this Action.

27

28

3

C.     "Producing Party" means the Party or Non-Party that produces Discovery Material in this Action.

D.     "Receiving Party" means a Party that receives Discovery Material from a Producing Party in this Action.

E.     "Challenging Party" means the Party or Non-Party that challenges the designation of Discovery Material under this Order.

F.     "Confidential" means Discovery Material that the Designating Party believes in good faith contains: (1) non-public information that may reveal a trade secret or other confidential research, development, or commercial information, as those terms are used in Fed. R. Civ. P. 26(c)(1)(G); (2) information that is subject to a confidentiality obligation to a third party; (3) personally identifiable information ("PII"), including an individual's name, address, phone number, email address, date of birth, driver's license or other government identification number; and/or (4) financial account or banking information regardless of whether PII is included.

G.     "Highly Confidential" means extremely sensitive Confidential information, such as highly sensitive proprietary business information, a trade secret, or other sensitive commercial, personal, or secret financial or competitive information, the disclosure of which could result in serious harm that cannot be avoided by less restrictive means than designation as Highly Confidential.

H.     "Confidential Discovery Material" means any Discovery Material designated as "Confidential" or "Highly Confidential."

I.     "Counsel" means any Outside Counsel of Record or In-House Counsel (as well as their support staff).

J.     "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

4

K.      "In-House Counsel" means any attorneys who are employees of a Party to this Action.   In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

L.      ."Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

M.      "Outside Counsel of Record" means attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

N.      "Professional Vendors" means persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

## III.   <u>SCOPE</u>

The protections conferred by this Order cover not only Confidential Discovery Material (as defined above), but also (1) any information copied or extracted from Confidential Discovery Material; (2) all copies, excerpts, summaries, or compilations of Confidential Discovery Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential Discovery Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Confidential Discovery Material at trial shall be governed by a separate agreement or order.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**IV.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. "Final Disposition" shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**V.    DESIGNATING CONFIDENTIAL DISCOVERY MATERIAL**

A.    Any Producing Party may designate Discovery Material they produce as Confidential Discovery Material, and such material shall be treated in accordance with the provisions of this order.

B.    Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

C.    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section V.C.(1) below), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be prominently marked and stamped with "Confidential" or "Highly Confidential" before the material is disclosed or produced. Designation in conformity with this Order requires:

1.    <u>For information in documentary form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Confidential Discovery Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Confidential Discovery Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted

2.    <u>For testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party either: (i) make a statement on the record at the time of the disclosure; or (ii) send, within twenty-one (21) days after such Party's receipt of the final transcript of the

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

testimony, a written notice to counsel for all Parties to this litigation indicating the page and line number(s) of the testimony to which the "Confidential" or "Highly Confidential" designation applies.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Confidential Discovery Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Confidential Discovery Material shall have an obvious legend on the title page that the transcript contains Confidential Discovery Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Confidential Discovery Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

3.    For responses to interrogatories, that the Designating Party (i) state in the response to the interrogatory at issue that the response is "Confidential" or "Highly Confidential," whichever applies.

4.    For Discovery Materials produced electronically, that the Producing Party affix the legend "Confidential" or "Highly Confidential" to each page or unit of material (or, in the case of native files, to a slip sheet image file with the corresponding Bates number). For Discovery Materials produced in hard copy, the Producing Party shall affix the legend "Confidential" or "Highly Confidential" to each page so designated.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

5.      <u>For Discovery Materials produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

6.      No Party or Non-Party shall be found to have violated this Order for failing to maintain the confidentiality of Confidential Discovery Material during a time when that material has not been designated Confidential or Highly Confidential, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential or Highly Confidential. Designation by a Party or Non-Party of information or documents under the terms of this Order, or failure to so designate (*see* Sec. V.C.7 below), will not constitute an admission that information or documents are or are not confidential or trade secrets.

7.      <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the Confidential Discovery Material is treated in accordance with the provisions of this Order.

**VI.    ACCESS TO AND USE OF CONFIDENTIAL DISCOVERY MATERIAL**

A.      Confidential Discovery Material, information derived from Confidential Discovery Material, and any other documents or materials reflecting or disclosing Confidential Discovery Material may only be used in connection with this Action only for prosecuting, defending, or attempting to settle this litigation and shall not be used for any other purpose.  Such Confidential Discovery Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section XII below.  Confidential Discovery Material must be stored and

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B.  <u>Disclosure of "CONFIDENTIAL" Discovery Material</u>. Discovery Material that has been designated as "CONFIDENTIAL" may be disclosed only in accordance with the provisions of this Order, and only to:

1.  The Court and its personnel, as appropriate;

2.  (a) Actual witnesses or deponents in this Action and their counsel during the course of a deposition, hearing, or at trial; or (b) persons whom a Party's counsel believes in good faith may be a deponent or trial fact witnesses, and their counsel, provided that the Party's counsel believes in good faith that such disclosure is reasonably necessary to prepare such person to testify and such witnesses, deponents, or persons have signed the "Acknowledgment and Agreement to Be Bound" attached hereto as **Exhibit A**;

3.  Each Party and its employees, officers, directors, representatives, members, and affiliates, provided that such persons are assisting the Party with, or otherwise involved in, this litigation;

4.  Each person identified in the Discovery Material designated as "Confidential" that is reasonably and in good faith believed likely to have knowledge of the subject matter of the Discovery Material designated as "Confidential";

5.  Court reporters or videographers employed in connection with this Action and their staff, who have signed the "Acknowledgment and Agreement to Be Bound" attached hereto as **Exhibit A**;

6.  Professional jury or trial consultants, mock jurors, and Professional Vendors, employed in connection with this litigation to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" attached hereto as **Exhibit A**;

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

10

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

7.    Counsel for the Parties, including In-House Counsel and Outside Counsel of Record and their legal assistants and other staff;

8.    Any mediator(s) or settlement officer, and their supporting personnel mutually agreed upon by any of the Parties engaged in settlement discussions;

9.    Experts, including necessary staff, retained by a Party or its counsel in connection with this litigation to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" attached hereto as **Exhibit A**;

10.   The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

11.   Any other person only upon order of the Court or with the written agreement of the Parties to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" attached hereto as **Exhibit A**.

C.    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material. Discovery Material that has been designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only in accordance with the provisions of this Order, and only to:

1.    The Court and its personnel, as appropriate;

2.    (a) Actual witnesses or deponents in this Action and their counsel during the course of a deposition, hearing, or at trial; or (b) persons whom a Party's counsel believes in good faith may be a deponent or trial fact witnesses, and their counsel, provided that the Party's counsel believes in good faith that such disclosure is reasonably necessary to prepare such person to testify and such witnesses, deponents, or persons have signed the "Acknowledgment and Agreement to Be Bound" attached hereto as **Exhibit A**;

11

3.     Court reporters, videographers, and/or third-party vendors with secure data protocols employed in connection with this Action and their staff, who have signed the "Acknowledgment and Agreement to Be Bound" attached hereto as **Exhibit A**; the party asserting confidentiality may review such protocols in advance of disclosure;

4.     Professional jury or trial consultants, mock jurors, and Professional Vendors, employed in connection with this litigation to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" attached hereto as **Exhibit A**;

5.     Outside Counsel of Record for the Parties, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" attached hereto as **Exhibit A**;

6.     Any mediator(s) or settlement officer, and their supporting personnel mutually agreed upon by any of the Parties engaged in settlement discussions; and

7.     Experts, including necessary staff, retained by a Party or its Counsel in connection with this litigation to whom it is reasonably necessary to disclose the information for this litigation, who have signed the "Acknowledgment and Agreement to Be Bound" attached hereto as **Exhibit A**, and as to whom the procedures set forth in Section VI.D.2 below have been followed.

8.     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

9.     Any other person only upon order of the Court or with the written agreement of the Parties to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" attached hereto as **Exhibit A**.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

D.   Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material to In-House Counsel or Experts.

1.   Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to In-House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to Section VI.D first notify the Designating Party of the general categories of information they intend to disclose to In-House Counsel.

2.   Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to Section VI.D first notify the Designating Party of the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party intends to disclose to the Expert.

3.   A Party that provides the information specified in the preceding respective paragraphs may disclose the subject Confidential Discovery Material to the identified In-House Counsel or Expert unless, within fourteen (14) days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

4.   A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven (7) days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to In-House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to In-House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

13

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to In-House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Confidential Discovery Material to its In-House Counsel or Expert

E.      Any person given access to Confidential Discovery Material, information derived therefrom or any other documents or materials reflecting or disclosing any Confidential Discovery Material shall be advised that it is being disclosed pursuant and subject to the terms of this Order and may not be disclosed by any person other than pursuant to its terms, and sign **Exhibit A**.

F.      A Party or Non-Party seeking to present Confidential Discovery Materials to the Court, whether in a filing, at a hearing, or otherwise, shall redact those documents or make a good faith effort to have them filed under seal in accordance with Civil Local Rule 79-5.

## VII.   **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

A.      <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge, at any time, the designation of Discovery Material as Confidential Discovery Material by providing written notice to the Designating Party identifying the Discovery Material it challenges and the basis for the challenge.

B.      <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within seven (7) days of the date of service of the written notice.  In conferring, the

Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

C.   <u>Judicial Intervention</u>.  If the challenge cannot be resolved on an informal basis,  the Designating Party may file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, as set forth below) within fourteen (14) days of the initial written notice of challenge or within the Parties' agreeing the meet and confer process will not resolve their dispute, whichever is earlier.  The Challenging party may also file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision (whether filed by the Designating Party or the Challenging Party) must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by Section VII.B above.   Failure by the Designating Party to make such a motion including the required declaration within fourteen (14) days shall automatically waive the confidentiality designation for each challenged designation.

Should a motion be filed by either the Designating Party or the Challenging Party, the motion shall be filed with the Court under seal pursuant to Civil Local Rule 79-5.  Pending the resolution of any such dispute, the Parties shall continue to treat the materials as "Confidential" or "Highly Confidential" (whichever is applicable).

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## VIII. <u>UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL DISCOVERY MATERIAL</u>

A.      Any person receiving Confidential Discovery Material shall exercise reasonable care to prevent any disclosure of such Confidential Discovery Material other than pursuant to the provisions of this Order.

B.      Confidential Discovery Material which is disclosed in contravention of the provisions of this Order (through inadvertence or otherwise) shall continue to be protected by these provisions. Upon learning of the disclosure of Confidential Discovery Material in contravention of the provisions of this Order, the Party or Non-Party that made the disclosure shall promptly: (i) give written notice of the disclosure to the Designating Party, which shall include a specific description of the improperly disclosed Confidential Discovery Material; (ii) give written notice to the recipient of the improperly disclosed Confidential Discovery Material (the "Improper Recipient"); (iii) provide the Improper Recipient with a copy of this Order and request that the Improper Recipient execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A; (iv) give written notice to the Designating Party of the Improper Recipient's response to this request; (v) make reasonable, good faith efforts to retrieve the improperly disclosed Confidential Discovery Material and all copies thereof; and (vi) give written notice to the Designating Party of the result of such efforts. The Designating Party's rights and remedies with respect to any such improper disclosure are hereby reserved.

## IX.   <u>CONFIDENTIAL DISCOVERY MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If any Party or Non-Party having received Confidential Discovery Material (the "Recipient"): (a) is subpoenaed in another action, (b) is served with a discovery demand in another action, (c) is served with any other legal process by a Non-Party to this litigation, or (d) otherwise receives a request from a Non-Party to this litigation, seeking Confidential Discovery Material, the

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

16

Recipient shall, unless prohibited by law: (1) provide written notice within three (3) business days of receipt of such subpoena, demand, legal process, or request, to the Designating Party or their Counsel, who may seek a protective order or otherwise seek to preclude disclosure of the Confidential Discovery Material and such notification shall include a copy of the subpoena, demand, legal process, or request; (2) promptly provide written notice to the party who caused the subpoena, demand, legal process, or request that some or all of the material covered by the subpoena, demand, legal process, or request is subject to this Order and such notification shall include a copy of this Order; and (3) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Confidential Discovery Material may be affected.

If the Designating Party timely seeks a protective order, the Recipient served with the subpoena, demand, legal process, or request shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Recipient has obtained the Designating Party's written consent.  The Designating Party shall bear the burden and expense of seeking protection in that court of its Confidential Discovery material.

Nothing herein shall be construed as requiring the Recipient or anyone else covered by this Order to challenge or appeal any order requiring production of Confidential Discovery Material, to become subject to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

## X.   A NON-PARTY'S CONFIDENTIAL DISCOVERY MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

A.   The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

B.     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall: (1) promptly provide written notification to the requesting party, along with a copy of the agreement, and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; (2) promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and (3) make the information requested available for inspection by the Non-Party.

C.     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Confidential Discovery Material.

## XI.   **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

A.     . Pursuant to Fed. R. Evid. 502(d), if information subject to a claim of attorney-client privilege or work-product protection is inadvertently disclosed ("Protected Material") such disclosure will not constitute or be deemed a waiver or forfeiture—in this Action or any other action—of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the inadvertently disclosed Protected Material and its subject matter.

B.     If at any time prior to trial a Producing Party determines that it has produced or inadvertently disclosed Protected Material, it shall promptly, either in writing or on the record at a deposition or court hearing, notify the Receiving Party of the disclosure (the "Clawback Notice") and promptly provide a privilege log for the subject materials. Upon receipt of the  Clawback

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Notice, the Receiving Party shall, (i) immediately cease the review and use of the inadvertently disclosed Protected Material, except to the extent necessary to determine and/or contest the privilege or protection, (ii) if the Receiving Party does not challenge the assertion of privilege, return, sequester, delete, or destroy all copies of the Protected Material identified in the notice in accordance with Appendix B of the Stipulation and [Proposed] Order Concerning Protocol for the Production of Documents and Electronically Stored ("ESI Protocol") entered in this Action and, upon request of the Producing Party, shall provide a written certification of the Receiving Party's compliance with this Section X.B. and Fed. R. Civ. P. 26(b)(5)(B) to the Producing Party within fourteen (14) days following receipt of the Clawback Notice.. The Receiving Party is not required to return, sequester, or destroy any item claimed to be Protective Material if the Receiving Party intends to challenge that assertion.

C.     If the Receiving Party disputes that the Protected Material identified in the Clawback Notice is entitled to privilege or work-product protection, the Receiving Party shall notify the Producing Party of its objection within seven (7) days of its receipt of the Clawback Notice.  If the Parties cannot resolve the dispute informally after meeting and conferring in good faith, either Party may apply to the Court for an appropriate ruling. The motion shall be redacted or filed under seal in accordance with Civil Local Rule 79-5. A Receiving Party is not precluded from arguing that a privilege or protection has been waived for reasons other than the inadvertent production of Protected Material production of a document or information subsequently clawed back in accordance with this Order.

D.     In the event one of the Parties makes an application in connection with Section X.C, the Party claiming privilege or work product protection retains the burden of establishing the privileged or protected nature of any Protected Material. Nothing in this section shall limit the right of any Party or Non-Party to petition the Court for *in camera* review of the Protected Material.

E.     Notwithstanding Sections X.A-C above, (a) a Producing Party may claw back Protected Material used by another Party during a live deposition or pre-trial proceeding only if the claw-back request is made contemporaneously with that Protected Material's use in that deposition

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

19

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

or proceeding; or (b) a Producing Party may claw back Protected Material filed by another Party with the Court only if it does so within seven (7) days of receiving that filing. In the event that a Producing Party seeks to claw back Protected Material later than thirty (30) days before the close of fact discovery, the Receiving Party may, upon a showing that it has prepared its case in reliance on the clawed-back Protected Material, seek an extension or reopening (as the case may be) of fact discovery for the limited purpose of seeking appropriate additional discovery. If a Producing Party seeks to claw back more than 100 documents within a 7-day period, the Receiving Party shall be provided an additional 10 business days to review such documents and dispute the privilege claims asserted over them. A Party seeking to claw back Protected Material shall follow the procedures outlines in Appendix B of the ESI Protocols.

F.      The provisions of Fed. R. Evid. 502(a) apply when a Party uses Protected Material to support a claim or defense, when a Party uses Protected Material during a deposition without the assertion of a contemporaneous objection, when a Party intentionally discloses Protected Material to a third party, including the Court, or when a Party makes selective disclosures of Protected Material for any other purpose. This paragraph does not preclude a Party from arguing that waiver was made under any applicable rule or law.

## XII.   <u>DUTIES UPON FINAL DISPOSITION</u>

A.      Within sixty (60) days after receiving notice of Final Disposition (as defined in Section IV) of this action, each Receiving Party must, upon request of the Producing Party, either (1) return all Confidential Discovery Material and copies (including summaries and excerpts) thereof to the Producing Party or (2) make a good faith, commercially reasonable effort to destroy all such material and copies (including summaries and excerpts) thereof.  Whether the Confidential Discovery Material is returned or destroyed pursuant to a request from the Producing Party, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60)-day deadline that (1) identifies (by category, where appropriate) all the Confidential Discovery Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations,

summaries, or any other format reproducing or capturing any of the Confidential Discovery Material. Outside Counsel of Record for the Parties to this litigation shall be entitled to retain court papers, deposition and trial transcripts, and attorney work product (including work product containing or incorporating Confidential Discovery Material), provided that such Outside Counsel of Record, and employees of such Outside Counsel of Record, shall not disclose such court papers, deposition and trial transcripts, or attorney work product to any person except pursuant to court order or agreement with the Producing Party. All materials returned to the Parties or their Counsel by the Court likewise shall be disposed of in accordance with this paragraph.

B.      This Order shall continue to be binding after the conclusion of the litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a Receiving Party may seek the permission of the Producing Party or further order of this Court with respect to dissolution or modification of this Order. The provisions of this Order shall, absent prior written consent of the Parties, continue to be binding after the conclusion of this Action.

## XIII.   **MODIFICATION**

A.      This Order may be altered or modified only by written agreement among all of the Parties or by order of the Court upon motion by any Party. A Party seeking to modify, extend or terminate shall notify opposing counsel, and counsel shall meet and confer concerning the proposed modification, extension, or termination within ten (10) business days of any request for same. If the Parties cannot reach agreement after meeting and conferring in good faith, the Party seeking such modification, extension or termination shall within ten (10) business days of the expiration of the meet and confer period, as extended if applicable, file a motion with the Court to resolve the dispute. Nothing in this section shall limit the right of any Party or Non-Party to seek relief from, or modification of, this Order or any of its provisions by properly noticed motion to the Court or to challenge any designations of confidentiality as appropriate under applicable law.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  **XIV.   MISCELLANEOUS**

2       A.      This Stipulation and Order may be executed in counterparts which together shall

3  constitute one document. Any Party added by name to this case after the "so ordering" of this

4  Stipulation and Order shall be bound by it without having to execute it.

5       B.      <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to

6  seek its modification by the Court in the future.

7       C.      <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order no Party

8  waives any right it otherwise would have to object to disclosing or producing any information or

9  item on any ground not addressed in this Order. Similarly, no Party waives any right to object on

10  any ground to use in evidence of any of the material covered by this Order.

11       D.      <u>Filing Confidential Discovery Material</u>. Without written permission from the

12  Designating Party or a court order secured after appropriate notice to all interested persons, a Party

13  may not file in the public record in this action any Confidential Discovery Material. A Party that

14  seeks to file under seal any Confidential Discovery Material must comply with Civil Local Rule

15  79-5. Confidential Discovery Material may only be filed under seal pursuant to a court order

16  authorizing the sealing of the specific Confidential Discovery Material at issue. Pursuant to Civil

17  Local Rule 79-5, a sealing order will issue only upon a request establishing that the Confidential

18  Discovery Material at issue is privileged, protectable as a trade secret, or otherwise entitled to

19  protection under the law. If a Receiving Party's request to file Confidential Discovery Material

20  under seal pursuant to Civil Local Rule 79-5 is denied by the Court, then the Receiving Party may

21  file the Confidential Discovery Material in the public record pursuant to Civil Local Rule 79-5

22  unless otherwise instructed by the court.

23  / /

24  / /

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1     **IT IS SO STIPULATED.**

2                                           Respectfully Submitted,

3     Dated:  September 11, 2023            **BAKER & HOSTETLER LLP**

4
                                           By:   _/s/ James R. Morrison_
5                                                JAMES R. MORRISON (admitted *pro hac*
                                                 *vice*)
6
                                           *Attorneys for Defendant*
7                                          THE REGENTS OF THE UNIVERSITY OF
                                           CALIFORNIA d/b/a UCSF MEDICAL CENTER
8

9
      Dated:  September 11, 2023            **LOWEY DANNENBERG, P.C.**
10

11                                         By:   _/s/ Christian Levis_
                                                 CHRISTIAN LEVIS (admitted *pro hac vice*)
12                                               AMANDA FIORILLA (admitted *pro hac vice*)
                                                 RACHEL KESTEN (admitted *pro hac vice*)
13
                                           *Attorneys for Plaintiff* JANE DOE
14

15

16    **IT IS SO ORDERED.**

17

18
      Dated: September 12, 2023
19                                         _____
                                           HONORABLE WILLIAM H. ORRICK
20                                         UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1

## **LR 5-1(h)(3) ATTESTATION**

2      I, James R. Morrison, hereby attest that the other signatory hereto, Christian Levis, have

3  concurred in the filing of the foregoing Stipulation.

4

5                                                  */s/ James R. Morrison*
                                                   James R. Morrison

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

24

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Protective Order Governing Confidentiality of Discovery Material (the "Order") that was issued by the United States District Court for the Northern District of California on _____[date] in the case of *Jane Doe et al. v. The Regents of the University of California d/b/a UCSF Medical Center*, Case No. 3:23-cv-00598-WHO. I agree to comply with and to be bound by all the terms of this Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES