Christian Levis (admitted *pro hac vice*)
Amanda Fiorilla (admitted *pro hac vice*)
Rachel Kesten (admitted *pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com
rkesten@lowey.com

*Attorneys for Plaintiff and the Proposed Class*

[*Additional counsel on signature page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA d/b/a UCSF MEDICAL CENTER,<br><br>Defendants. | Case No. 3:23-cv-00598-WHO<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Action Filed: July 25, 2022<br><br>Honorable Judge William H. Orrick |

Plaintiff Jane Doe ("Plaintiff") and Defendant The Regents of the University of California ("Regents") (together with Plaintiff, the "Parties"), by and through their respective counsel of record, hereby submit the following Joint Case Management Statement in advance of the Case Management Conference scheduled in the above-captioned case for December 12, 2023 at 2:00 P.M. before the Honorable William H. Orrick.

**I.   STATUS OF DISCOVERY**

Plaintiff served an initial set of targeted Requests for Production ("Plaintiff's Requests") on June 13, 2023. Plaintiff's Requests primarily sought documents relating to Regents' use of the Meta Pixel.

The Regents served its responses and objections ("the Regents' R&O's") on July 13, 2023, and the Parties promptly met and conferred on July 26, 2023. Following the Parties' meet and confer, the Regents made a production of 46 documents on September 18, 2023. This production consists primarily of: (1) master service agreements, amendments, statements of work, proposals, billing records, and the like between the Regents and Luma Health, Inc. ("Luma"), a third party the Regents contracted with to manage its website and whom the Regents claims inadvertently implemented the Meta Pixel; (2) website Terms and Conditions; (3) privacy statements and appendixes; (4) correspondence concerning the completion of a security risk assessment; (5) correspondence with the Office for Civil Rights at the U.S. Department of Health and Human Services; and (6) liability insurance records.  The Regents has thus far reviewed a total of 48,027 documents and will be making a second production in the next week.

The Parties held another meet and confer about the Regents' R&O's on October 9, 2023, and exchanged written correspondence about the same on July 28, 2023, August 18, 2023, October 12, 2023, and November 16, 2023, respectively.

The Regents served an initial set of twenty-six Requests for Production on August 18, 2023 ("the Regents' First Requests"), and Plaintiff served her Responses and Objections to the Regents' First Requests on September 18, 2023 ("Plaintiff's Responses").  Plaintiff responded that she would be producing documents in response to a number of the requests and indicated that she is willing to meet and confer regarding the scope of others.  The Regents has not yet received a production from Plaintiff and plans to schedule a meet and confer call to discuss Plaintiff's Responses to the Regents' First Requests.

While the Parties are still early in the discovery process, based on their discussions and correspondence so far, the following issues are outstanding:

***Temporal Gaps.*** Plaintiff informed the Regents during an October 12, 2023, meet-and-confer that there are gaps in the Terms and Conditions and Privacy Policies it had initially produced. The Regents explained on November 16, 2023, that it has, at this juncture, produced all such documents that were easily accessible and that gaps may be explained by the fact that the Terms and Conditions and Privacy Policy were not updated or revised in that time period. The Regents is in the process of conducting a further investigation into whether the Terms and Conditions and Privacy Policy were updated or revised between 2018 and 2022, and if so, the Regents will produce those additional versions. Plaintiff has not received any additional documents and are awaiting an update.

***Privilege with Luma Health***. The Regents has cautioned that several documents between itself and Luma may be privileged. While Plaintiff generally disputes whether documents or communications among these entitles could qualify as privileged, it is unclear what information (if any any) is being withheld as Plaintiff has yet to receive a privilege log. Plaintiff reserves her right to challenge any claim of privilege and will evaluate whether any privilege designations are improper once the Regents submits a privilege log. The Parties will meet and confer regarding the format for privilege logs in this case in accordance with Section VIII of the Stipulation and Order Concerning Protocol for Production of Documents and Electronically Stored Information (ECF No. 44), and the Regents will thereafter prepare and serve its privilege log following its final production of documents.

***Documents in the Possession of Third Parties.*** The Regents indicated during the Parties' meet and confers that several categories of documents, including those relating to whether data was disclosed as a result of the Meta Pixel implementation (and if so, what data was disclosed), may not be in its possession. Plaintiff has accordingly subpoenaed that information from two third parties: Meta and Luma. Both third parties have served responses and objections, although neither has produced documents at this time. Luma stated it will be able to provide a time frame for its upcoming production in approximately two weeks. Depending on these responses, it is possible that other third parties with relevant information may be identified.

The Parties anticipate that there may be additional discovery disputes once the Regents produces additional documents responsive to Plaintiff's Requests and once Plaintiff makes its production of documents in response to the Regents' First Requests. The Parties will endeavor to resolve these issues without court intervention to the extent possible.

## II. SEARCH TERMS & CUSTODIANS

The Regents provided a list of 15 proposed custodians on August 16, 2023. Plaintiff raised concern that several of the Regents' proposed custodians were not employed or in a relevant position for the entirety of the relevant time-period, leaving potential gaps in the documentary record. To address this concern, Plaintiff proposed two additional custodians on October 12, 2023, and four additional individuals during a follow-up call on November 8, 2023. The Regents agreed to add two of these individuals as custodians on November 16, 2023 and proposed that the Parties hold off on adding additional custodians until Plaintiff has had a chance to review the Regents' productions. The Parties' custodial discussions therefore remain ongoing.

The Parties are also actively negotiating search terms. The Regents proposed search terms on October 9, 2023, and Plaintiff provided modified terms on October 25, 2023. The Regents' position is that Plaintiff's revised search terms hit on too many documents to be proportionate with the needs of the case. Plaintiff requested the Regents provide the hit counts for that round of terms so that they can assess any potential modifications to address this purported burden. Plaintiff is awaiting this update. On November 16, 2023, the Regents identified a number of Plaintiff's proposed search terms that either exceeded the 450 character limit and could not be run or had syntax errors and could not be run. The Regents requested that Plaintiff provide revised search terms to address these issues and are awaiting these revised terms from Plaintiff.

## III. ESI & PROTECTIVE ORDER

The Parties filed their Stipulation and [Proposed] Order Concerning Protocol for Production of Documents and Electronically Stored Information (ECF Nos. 42, 43) ("ESI Protocol") and Stipulation and [Proposed] Protective Order Governing Confidentiality of Discovery Material (ECF Nos. 41, 43) ("SPO")

on September 11, 2023. The Court approved and entered both the ESI Protocol and SPO on September 12, 2023. *See* ECF Nos. 44, 45.

**IV.     SETTLEMENT & ADR**

The Parties have not discussed the potential for settlement or ADR since the last case management conference.

By:

*/s/ Christian Levis*
**LOWEY DANNENBERG, P.C.**
Christian Levis (admitted pro hac vice)
Amanda Fiorilla (admitted pro hac vice)
Rachel Kesten (admitted pro hac vice)

**WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK LLP**
Frank Busch (258288)
James M. Wagstaffe (95535)

*Attorneys for Plaintiff*

*/s/ James R. Morrison*
**BAKER & HOSTETLER LLP**
Paul G. Karlsgodt (admitted pro hac vice)
James R. Morrison (admitted pro hac vice)
Teresa C. Chow (CA SBN 237694)
Alexander Vitruk (CA SBN 315756)

*Attorneys for Defendant The Regents of the University of California*

**CIVIL L.R. 5-1(h)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), I, Christian Levis, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: December 5, 2023                    LOWEY DANNENBERG, P.C.

                                                By:   */s/ Christian Levis*
                                                         Christian Levis