UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>    v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>        Defendant. | Case No.  23-cv-00598-WHO   (KAW)<br><br>**ORDER RE 8/15/2024 DISCOVERY LETTER**<br><br>Re: Dkt. No. 67<br><br>[Discovery Letter No. 1] |

On August 15, 2024, the parties filed a joint discovery letter concerning the sufficiency of Defendant's ESI search protocol. (Joint Letter, Dkt. No. 67.)  In sum, after six months of negotiations, the parties agreed to a final set of search terms, which identified 80,000 documents out of several million existing documents. *Id.* at 1.  This compromised set of search terms resulted in an 11% increase in documents than Defendant's original proposal, such that it added approximately 8,000 documents for review. *Id.*

Based on the parties' agreement, Plaintiff believed that Regents would conduct a "linear"[1] review of the documents identified by these agreed-to terms and produce the responsive materials. (Joint Letter at 1.)  Instead, on June 11, 2024, Defendant disclosed that it intended to apply "other filtering methods" to exclude documents, including using "exclusion" terms, before conducting a linear review. *Id.*  Plaintiff contends that she did not agree to this and that Defendant's unilateral implementation of these other filtering methods violates the parties' stipulated ESI Protocol, which provides that the "Parties shall cooperate in the development of appropriate search methodology and criteria . . . before any search methodology is applied." (Joint Letter at 3 (citing

---

[1] A linear review is a traditional, manual review of documents by humans to determine relevance.

ESI Protocol, Dkt. No. 44 at 6).)

The Court agrees. The parties spent several months negotiating the search terms to be applied to Defendant's ESI, which resulted in a universe of approximately 80,000 documents, which then needed to be reviewed for relevancy and responsiveness. (*See* Joint Letter at 4.) Defendant's argument that it can conduct that first-level review, in part, by unilaterally implementing additional search terms to exclude potentially responsive documents to reduce the number of documents requiring manual review, is both unavailing and a clear violation of the ESI Protocol. (*See* Joint Letter at 4-5.)

Accordingly, Defendant is ordered to run the ESI search with the original agreed-to terms— and without any of the described filtering methodology— and produce all non-privileged, responsive documents within 14 days of this order.

This resolves Dkt. No. 67.

IT IS SO ORDERED.

Dated: August 30, 2024

_____
KANDIS A. WESTMORE
United States Magistrate Judge