Christian Levis (admitted *pro hac vice*)
Amanda Fiorilla (admitted *pro hac vice*)
Rachel Kesten (admitted *pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com
rkesten@lowey.com

*Attorneys for Plaintiff and the Proposed Class*

[*Additional counsel on signature page*]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA d/b/a UCSF MEDICAL CENTER,<br><br>Defendants. | Case No. 3:23-cv-00598-WHO<br><br>**STIPULATED [PROPOSED] PRIVILEGE LOG PROTOCOL**<br><br>Action Filed: July 25, 2022<br><br>Honorable Judge William H. Orrick<br>Magistrate Judge Kandis A. Westmore |

Pursuant to Federal Rule of Civil Procedure 26(b)(5), Paragraph 20 of Magistrate Judge Kandis A. Westmore's Standing Order, and Section VIII.b of the Stipulation and Order Concerning Protocol for Production of Documents and Electronically Stored Information (ECF No. 44) ("ESI Protocol"), the Parties to the above-referenced action, through their respective counsel of record, hereby stipulate to the following, subject to the approval by the Court, regarding the handling of purportedly privileged documents.

## I. PRIVILEGED DOCUMENTS THAT NEED NOT BE LOGGED

Pursuant to Section VIII.c of the ESI Protocol[1], the following documents presumptively need not be included on a privilege log: (1) communications exclusively between a Party and its outside counsel regarding this Action after the date the Action was filed; (2) work product created by outside counsel or by an agent of outside counsel other than a Party, testifying expert, or third-party vendor, regarding this Action after the date the Action was filed; and (3) redacted documents need not be logged as long as the objective metadata is not redacted, and the reason for the redaction, including the nature of the privilege asserted, and information sufficient to assess the claimed privilege or protection, is also not redacted and apparent on the face of the document. If the privilege or protection is contained within the metadata, and therefore is not produced, the redacted document must be logged.

For redacted documents where the subject matter and basis for the claimed privilege is not apparent because of the redactions, a description of the contents and basis of the claimed privilege will be provided in the privilege log. If there is a question regarding the reasoning for a redaction, the Parties shall meet and confer to attempt to resolve the issue or clarify the reasoning for the redaction.

## II. FORMAT AND CONTENTS OF PRIVILEGE LOG

Privilege logs in this case shall be produced as an Excel spreadsheet.

All documents, communications, ESI, and information otherwise subject to production that a Party believes are covered by an attorney-client privilege, work product protection, or other protection preventing it from disclosure pursuant to the Federal Rules of Civil Procedure or Federal Rules of Evidence, unless otherwise specified herein, must be logged as described herein.

---

[1] The definitions of any capitalized terms in this Privilege Log Protocol are those that are set forth in the ESI Protocol.

The following information must be provided in or with the privilege log for each document or communication for which a claim of privilege or work product is made:

(a) A unique identification number for each entry on the log (e.g., PRIVLOG01);

(b) The title (or subject line) and description of the document, including number of pages or Bates-number range;

(c) The subject matter addressed in the document;

(d) The identity and position of its author(s) and sender(s);

(e) The identity and position of all addressees and persons who received, or otherwise possessed, the document, including any recipients that are copied, or blind copied on the document;

(f) The date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s);

(g) The steps taken to ensure the confidentiality of the communication or document, including affirmation that no unauthorized persons have received the communication or document;

(h) The specific basis for the claim that the document is privileged or protected; and

(i) An indication of whether the document or communication has been redacted or withheld in its entirety.

Any in-house or outside counsel (and their support staff) identified in (d) or (e) must be specifically identified in the log (such as with an "*" next to their name) or be listed in a separate key/index.

Documents or communications withheld or redacted for privilege may not be logged as a group or category. Rather, each document or communication, regardless of its thread or family relationship, shall be a separate entry on the privilege log containing the information specified in paragraphs (a) through (i) in this Section II, above. Within a wholly privileged email thread or document family, each member email or document that is being withheld or redacted due to a claim of privilege or work-product must be separately recorded in the privilege log with a family identifier indicating the family in which the document belongs. If a Producing Party elects to use email threading and produces the

most inclusive thread with redactions, then the Producing Party need not log the thread in accordance with Section I(3) unless the basis for the privilege cannot be ascertained on the face of the document.

### III.    TIMING OF PRIVILEGE LOGS

Unless otherwise agreed to by the Parties, a Party shall produce a privilege log within 30 days of any production in which privileged documents or communications were withheld or redacted. To the extent a Party has already made a production that withheld or redacted privileged material, it must provide a privilege log in accordance with this protocol within 30 days of its entry. To the extent a Party makes any production or disclosure in which privileged documents or communications are withheld with less than 21 days remaining until the close of fact discovery, such privilege log shall be produced within 7 days of that production. The Parties will meet and confer in good faith if the time periods for the delivery of privilege logs need to be extended.

Nothing in this Section shall be construed as affecting any deadline for the provision of a privilege log in connection with a Clawback Notice as specified in the Stipulated Protective Order. *See* ECF No. 45.

### IV.    CHALLENGING CLAIMS OF PRIVILEGE

At any time prior to trial, a Party may challenge another Party's assertion of privilege as to any document or communication redacted or withheld. If a Party challenges any assertion of privilege, it must provide notice of such challenge to the Party asserting the privilege. The notice must include the identification number of the privilege log entry for each challenged document or communication. The Parties shall meet and confer to resolve any challenge within 7 days of the provision of such notice, unless otherwise agreed upon by the Parties. If the Parties cannot resolve the dispute through the meet and confer process, they must follow the procedures for discovery disputes outlined in Judge Westmore's Standing Order.

In any challenge, the Party asserting the claim of privilege retains the burden of establishing the privileged nature of the document or communication.

/ /

Dated: February 4, 2025

By: */s/ Christian Levis*
**LOWEY DANNENBERG, P.C.**
Christian Levis (admitted pro hac vice)
Amanda Fiorilla (admitted pro hac vice)
Rachel Kesten (admitted pro hac vice)

**WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK LLP**
Frank Busch (258288)
James M. Wagstaffe (95535)

*Attorneys for Plaintiff*

By: */s/ Teresa C. Chow*
**BAKER & HOSTETLER LLP**
Paul G. Karlsgodt (admitted pro hac vice)
James R. Morrison (admitted pro hac vice)
Teresa C. Chow (CA SBN 237694)
Dyanne J. Cho (CA SBN 306190)
Alexander Vitruk (CA SBN 315756)

*Attorneys for Defendant The Regents of the University of California*

**IT IS SO ORDERED.**

Dated: _____  _____
HONORABLE KANDIS WESTMORE
UNITED STATES MAGISTRATE JUDGE

## CIVIL L.R. 5-1(h)(3) ATTESTATION

Pursuant to Civil Local Rule 5-1(h)(3), I, Christian Levis, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: February 4, 2025                **LOWEY DANNENBERG, P.C.**

By:  */s/ Christian Levis*_____

Christian Levis