UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANE DOE, et al.,

          Plaintiffs,

    v.

REGENTS OF THE UNIVERSITY OF CALIFORNIA,

          Defendant.

Case No. 23-cv-00598-WHO   (KAW)

**ORDER RE 4/3/2025 DISCOVERY LETTER**

Re: Dkt. No. 150

[Discovery Letter No. 4]

Plaintiffs Jane Does brought this putative class action against Defendant UC Regents regarding the use of tracking technology (*e.g.*, Meta Pixel, Google Analytics, and Google Tag) on its UCSF Medical Center website and within its patient portal, allowing the tracking of user activity. (Third Amend. Compl. ("TAC") ¶¶ 4-5.) On April 3, 2026, the parties filed a joint discovery letter concerning whether UCSF Benioff Children's Hospitals ("UCSF Benioff") and the domain https://www.ucsfbenioffchildrens.org/ ("UCSF Benioff Domain") are within the scope of discovery in this case. (Discovery Letter at 1, Dkt. No. 150.)

The Court finds that it is not. There is no dispute that this case concerns the UCSF Medical Center website and related patient portal. (TAC ¶ 4.) There is also no dispute that the UCSF Benioff Domain is a separate website, and that UCSF Benioff is never mentioned in the complaint. (*See* Discovery Letter at 1.) Thus, UCSF Benioff appears to be a separate entity that is not within the scope of this case.

Plaintiffs appear to argue that UCSF Benioff is not a separate entity, but a "department" within UCSF Medical Center. (Discovery Letter at 1.) In support, Plaintiffs point to the fact that a patient using the UCSF website to search for "Pediatric hospital" is referred to UCSF Benioff. (*Id.*) This does not, however, mean that UCSF Benioff is a department of UCSF Medical Center,

United States District Court
Northern District of California

United States District Court
Northern District of California

particularly when both entities are operated within the same UCSF medical system.  More to the point, it does not mean that the UCSF Benioff Domain is a part of the UCSF Medical Center website that is at issue in this case when they have separate domains.  Plaintiff also points to the fact that certain employees "held joint roles at UCSF Medical Center and UCSF Benioff," but this only supports that UCSF Medical Center and UCSF Benioff are separate entities; if they were the same entity, however, there would be no need for a "joint role" or job titles that specify they are working for "both" entities.  (*Id.* at 2.)  Additionally, the financial reports cited by the parties also separate UCSF Medical Center from UCSF Benioff, further supporting that these are separate entities.  (*Id.* at 2, 4 n.3.)  Thus, simply citing to UCSF Medical Center's website in the complaint does not automatically encompass the separate entity of UCSF Benioff and its separate domain.

Because the Court finds that UCSF Benioff and its domain are outside the scope of the complaint, the Court need not address Defendants' separate argument that Plaintiffs would not be adequate representatives for individuals who used the UCSF Benioff domain.

This order disposes of Dkt. No. 150.

IT IS SO ORDERED.

Dated: April 22, 2026

KANDIS A. WESTMORE
United States Magistrate Judge

2