United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANE DOE, et al.,
Plaintiffs,
v.
REGENTS OF THE UNIVERSITY OF CALIFORNIA,
Defendant.

Case No. 23-cv-00598-WHO (KAW)

**ORDER TERMINATING 8/20/2026 DISCOVERY LETTER**

Re: Dkt. No. 167

[Discovery Letter No. 5]

On August 20, 2026, the parties filed a joint discovery letter regarding Defendant's responses to two of Plaintiff's interrogatories. (Discovery Letter, Dkt. No. 167.) The Court TERMINATES the discovery letter because it fails to comply with the Court's Civil Standing Order in multiple ways, including not using the Court's required format and having overlong exhibits. (*See* Judge Westmore Standing Order ¶¶ 14(b)(ii), 14(d).)

Further, based on the Court's cursory review, it appears Plaintiffs are effectively complaining that they do not believe Defendant's interrogatory responses are accurate, whereas Defendant argues that the evidence Plaintiffs are relying upon is not contradictory to its responses. Courts are generally disinclined to require further responses where a party is disagreeing about accuracy. *See Nutrition Distribution LLC v. PEP Research, LLC*, No. 16CV2328-WQH(BLM), 2018 U.S. Dist. LEXIS 39336, at *24 (S.D. Cal. Mar. 9, 2018) (denying the plaintiff's motion "to the extent Plaintiff disagrees with the accuracy of Defendant's responses" because even if "Plaintiff provides compelling arguments regarding the inaccuracy of Defendant's responses, the Court cannot compel Defendant to provide 'better responses'"); *McNamara v. Wells Fargo & Co.*, No. 21-cv-1245-LAB-DDL, 2023 U.S. Dist. LEXIS 243075, at *7 (S.D. Cal. May 10, 2023) ("Plaintiff's disagreement with the accuracy of Defendants' verified interrogatory responses is not

a basis to move to compel a 'more accurate' response under Rule 37); *Barnum v. Equifax Info. Servs., LLC*, No. 2:16-cv-02866-RFB-NJK, 2018 U.S. Dist. LEXIS 39424, at *3 n.3 (D. Nev. Mar. 9, 2018) ("[T]he interrogatory response was certified by Equifax pursuant to Rule 26(g) . . . and Plaintiffs' counsel's skepticism as to its accuracy is not grounds to compel a further response."). Indeed, courts have declined to "resolve factual challenges" in a discovery dispute. *Trujillo v. Bd. of Educ.*, Nos. CIV 02-1146 JB/LFG, CIV 03-1185 JB/LFG, 2007 U.S. Dist. LEXIS 33919, at *24 (D.N.M. Mar. 12, 2007) (denying a motion to compel where the plaintiff was "merely challenging the factual accuracy of APS' response"). Rather, "[i]f Defendant stands by the accuracy of its current responses, Plaintiff may use the responses as appropriate in future depositions, pleadings, hearings, and trial." *Nutrition Distribution LLC*, 2018 U.S. Dist. LEXIS 39336, at *24.

IT IS SO ORDERED.

Dated: August 27, 2026

KANDIS A. WESTMORE
United States Magistrate Judge