UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANE DOE, et al.,

Plaintiffs,

v.

REGENTS OF THE UNIVERSITY OF CALIFORNIA,

Defendant.

Case No. 23-cv-00598-WHO (KAW)

**ORDER REGARDING 8/25/2026 DISCOVERY LETTER**

Re: Dkt. No. 169

[Discovery Letter No. 6]

Plaintiffs Jane Does brought this putative class action against Defendant UC Regents regarding the use of tracking technology (*e.g.*, Meta Pixel, Google Analytics, and Google Tag) on its UCSF Medical Center website and within its patient portal, allowing the tracking of user activity. (Third Amend. Compl. ("TAC") ¶¶ 4-5, Dkt. No. 103.) On August 25, 2026, the parties filed a joint discovery letter concerning whether Plaintiffs may obtain discovery relating to all advertising tools and campaigns. (Discovery Letter, Dkt. No. 169.)

The Court finds that Plaintiffs' scope, which appears to seek all advertising tools and campaigns, is too broad. Ultimately, this case concerns Defendant's use of "third parties' tracking technology," which "track each user's activity on that website and send that data to third parties." (TAC ¶¶ 4, 5.) Plaintiffs, however, appear to argue that all advertising necessarily uses tracking technology. (Discovery Letter at 1-2.) In support, Plaintiffs point to certain advertising tags and advertising data that use tracking, but that does not demonstrate that every method of advertising used by Defendant uses tracking technology. (*See id.*) Indeed, Plaintiffs identify a method of Defendant's advertising that did not use tracking technology, but was instead based on Defendant's use of patient lists to create "audiences" that it then targeted with ads. (*Id.* at 2.) Defendant's creation of lists from its own patient lists is not the type of tracking technology that is

being alleged in this lawsuit, namely the third party tracking technology that tracks the use of Defendant's websites and sends that information to third parties. (TAC ¶¶ 5, 8.)

In response, Plaintiffs appear to argue that it is irrelevant how Defendant obtained the information because if it uses analytical data, it falls within the purview of the case. (Discovery Letter at 3.) Again, this appears to be too broad. The case does not concern *any* method in which Defendant obtained and/or used information, but the use of third party tracking technology that then "sends that data to third parties." (TAC ¶ 5.) Nor does the case concern any disclosure of Plaintiffs' medical information by Defendant to a third party; again, the complaint concerns the use of tracking technology that "permit[s] third parties to intercept and use" the medical information. (TAC ¶ 9.)

Finally, Plaintiffs contend that because Defendant previously agreed to a definition of "Tracking Technology" as "any web analytics tools, or tools that can be used to facilitate targeted web marketing," this would include all associated advertising technologies that track users to measure ad clicks and conversions. (Discovery Letter at 1, 3.) It is unclear how this definition extends to all advertising tools or campaigns; rather, it appears to be limited to the tools that obtain the targeted information that is then used in the advertising tools or campaigns.

The Court observes that Defendants have agreed to provide discovery regarding any digital advertising campaigns that were directly developed or run based on website activity data obtained as a result of Defendant's use of the tracking technologies on its website or MyChart patient portal. (Discovery Letter at 5.) Plaintiffs have not demonstrated that more is needed.

This order disposes of Dkt. No. 169.

IT IS SO ORDERED.

Dated: September 11, 2026

KANDIS A. WESTMORE
United States Magistrate Judge