UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California

JANE DOE, et al.,

Plaintiffs,

v.

REGENTS OF THE UNIVERSITY OF CALIFORNIA,

Defendant.

Case No. 23-cv-00598-WHO

**ORDER GRANTING MOTION TO AMEND AND RESOVLING APPEAL FROM NONDISPOSITIVE ORDER**

Re: Dkt. Nos. 175, 176, 187, 188, 198, 202, 204

Plaintiffs seek leave to amend to file a Fourth Amended Complaint ("4AC"). Dkt. No. 175.[1] The purpose of the amendment is to conform the pleadings to what the discovery has shown: namely, to allege that UCSF uses its own patient data to run "closed loop" advertising campaigns and to expressly include webpages where tracking technology intercepted patient data from two additional domains ucsfbenioff.org and ucsf.edu. Plaintiffs assert that their Third Amended Complaint ("TAC") impliedly covers these activities and domains but contend that because of discovery disputes and discovery orders from Magistrate Judge Kandis A. Westmore, they seek clarity in the 4AC, which does not include any new claims or causes of action but specifically references these activities and domains. *Id.*

Defendant The Regents of the University of California opposes. Dkt. No. 204. It argues that the Motion for Leave should be denied because fact discovery is now closed, plaintiffs' entitlement to further discovery on the closed loop advertising and the two domains is before Judge Westmore, and plaintiffs unreasonably delayed in seeking to amend. It contends that amendment will be "futile" and it will be prejudiced by having to elongate fact discovery. *Id.*

[1] This matter is appropriate for resolution on the papers. Civil Local Rule 7-1(b). The October 28, 2026 hearing is VACATED.

The Motion for Leave to Amend is GRANTED. Defendant knows well that the prior case extensions were due primarily to its delays in producing discovery, so arguments regarding prejudice and unreasonable delay are not well-taken. Whether the named plaintiffs can represent users of UCSF-related domains that they themselves did not visit is better tested on class certification or summary judgment and is not a reason to deny leave to amend or related discovery. For the same reasons, I GRANT plaintiffs' request for relief from Judge Westmore's nondispositive order denying discovery into the closed loop marketing as outside the scope of the TAC. Dkt. No. 187. To the extent that this amendment necessitates a reasonable extension of the discovery and other case deadlines, the parties shall meet and confer and submit an agreed to or competing proposal for extending the deadlines within ten (10) days of the date of this Order.

The related administrative motions to seal filed in connection with the Motion for Leave and the Motion for Relief are GRANTED in part and DENIED in part. Information regarding plaintiffs' medical conditions may remain under seal. Source code may remain under seal. *See e.g.*, Dkt. No. 176 [Motion for Leave to Amend] page 3, line 21; Dkt. No. 175 [Proposed 4AC] page 25, line 12-16 & Fig. 6. The redacted portions of the exhibits filed in support of the Motion for Leave (Dkt. Nos. 176-4 *et seq*.) identified by defendant at Dkt. No. 194-5 may remain under seal at this juncture.

Descriptions in the pleadings regarding how the Meta and Google tracking technologies worked, as well as generalities about how the closed loop marketing systems worked may not remain under seal. *See, e.g.,* Dkt. No. 175 [Proposed 4AC]: page 4, line 1 through page 5, line 2; page 21, line 9-10; Dkt. No. 176 [Motion for Leave to Amend]: page 1, line 4 through page 2, line 2; page 3, lines 23-26; page 3, line 27 through page 4, line 4; page 4 line 14 though page 9, line 7; & Dkt. No. 188 [Motion for Relief]: page 2, line 26 – page 3, line 1; page 2, line 16-17; page 2, lines 25-26).[2] There has been no compelling justification shown to seal this descriptive

[2] Because it is not clear what information in the Figures might implicate protected trade secrets or highly confidential systems of third-parties with whom defendant worked to provide the closed loop marketing, *e.g.*, Figures 1-5 in the Motion and Proposed 4AC, those Figures may remain under seal at this juncture. The general descriptions of how the systems worked may not.

information that goes to the heart of plaintiffs' claims about how and what defendant let the tracking tools or their closed loop tools collect.

Plaintiffs shall e-file the proposed 4AC on the docket, redacting only the information allowed by this Order, within five days of the date of this Order. Plaintiffs shall refile their Motion for Leave, Motion for Relief, and exhibits filed in support, redacting only the information allowed by this Order, as well as an unredacted Reply brief, within five (5) days of the date of this Order.[3]

**IT IS SO ORDERED.**

Dated: October 23, 2026

William H. Orrick
United States District Judge

[3] Defendant has not identified what information from plaintiffs' Reply and exhibits in support of the Motion for Leave should remain under seal. Nothing in the Reply brief should remain under seal. However, if there is information in the exhibits submitted with the Reply – other than plaintiffs' medical information which may remain under seal – that defendant believes should remain under seal, defendant shall submit a declaration identifying that information within five (5) days of the date of this Order.