UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANE DOE, et al.,

Plaintiffs,

v.

REGENTS OF THE UNIVERSITY OF CALIFORNIA,

Defendant.

Case No. 23-cv-00598-WHO (KAW)

**ORDER REQUIRING SUPPLEMENTAL BRIEFING ON DISCOVERY LETTER RE PRIVILEGE DISPUTE**

Re: Dkt. No. 179

On September 24, 2026, the parties filed a joint discovery letter regarding Defendant UC Regents' assertion of attorney-client privilege/attorney work product as to PowerPoint slides prepared by Aaron Neinstein and Heidi Collins. (Discovery Letter, Dkt. No. 179.) Defendant asserts that the PowerPoint slides were created at the request of, and for the purpose of seeking legal advice from, counsel. (*Id.* at 4.)

Defendant is generally correct that documents created at the request of, and for the purpose of seeking advice from, counsel would be privileged. Based on the Court's review of the discovery letter, however, Defendant has not shown a nexus between counsel and the PowerPoint slides at issue. In contrast, Plaintiffs have provided deposition testimony which strongly suggest that Dr. Neinstein and Ms. Collins did not know of any attorney involvement. (*See* Discovery Letter at 1.) While Dr. Neinstein further stated that he was directed to contribute to the PowerPoint slide presentation by Chief Information Officer Joe Bengfort's team, there is no apparent connection between Mr. Bengfort's team and counsel. (*See id.*) While the Court does not suggest that Dr. Neinstein or Ms. Collins needed to know of counsel's involvement for privilege to apply, Defendant must still show some nexus between counsel and the PowerPoint slides at issue. *Skynet Elec. Co. v. Flextronics Int'l, Ltd.*, No. C 12-06317 WHA, 2013 U.S. Dist.

United States District Court
Northern District of California

United States District Court
Northern District of California

LEXIS 176372, at *5-6 (N.D. Cal. Dec. 16, 2013) ("Where a party asserts work-product immunity over a piece of evidence, the proponent of the privilege bears the burden of establishing its applicability to the present circumstances.")

Accordingly, the Court SETS the following briefing schedule:

Defendant shall file a declaration, signed under penalty of perjury, that provides facts establishing the nexus between counsel and the PowerPoint slides at issue within **seven days** of the date of this order. Plaintiff may then file a response to Defendant's declaration within **seven days** of the filing of the declaration. Additionally, the Court ORDERS Defendant to provide Dr. Neinstein's deposition pp. 235-355 and Ms. Collins's deposition pp. 117-123 within **seven days** of the date of this order.

IT IS SO ORDERED.

Dated: November 12, 2026

KANDIS A. WESTMORE
United States Magistrate Judge