United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANE DOE, et al.,

Plaintiffs,

v.

REGENTS OF THE UNIVERSITY OF CALIFORNIA,

Defendant.

Case No. 23-cv-00598-WHO (KAW)

**ORDER TERMINATING 9/24/2026 DISCOVERY LETTERS AT DKT. NOS. 180, 181, AND 184**

Re: Dkt. Nos. 180, 181, 184

[Discovery Letter Nos. 8, 9, 11]

Plaintiffs Jane Does brought this putative class action against Defendant UC Regents regarding the use of tracking technology (*e.g.*, Meta Pixel, Google Analytics, and Google Tag) on its UCSF Medical Center website and within its patient portal, allowing the tracking of user activity. (Third Amend. Compl. ("TAC") ¶¶ 4-5, Dkt. No. 103.) On September 24, 2026, the parties filed six discovery letters. (Dkt. Nos. 179-182, 184, 186.) On October 23, 2026, the presiding judge granted Plaintiffs' motion to file an amended complaint. (Dkt. No. 205.) In granting the motion, the presiding judge found that "[t]he purpose of the amendment is to conform the pleadings to what the discovery has shown: namely, to allege that UCSF uses its own patient data to run 'closed loop' advertising campaigns and to expressly include webpages where tracking technology intercepted patient data from two additional domains ucsfbenioff.org and ucsf.edu." (*Id.* at 1.)

Based on the Court's review of the discovery letters seeking additional 30(b)(6) testimony, discovery regarding the ucsf.edu webpages, and discovery regarding Kiosk, the scope of discovery on these matters has been significantly affected by the presiding judge's order granting the motion to file an amended complaint. (*See* Dkt. Nos. 180, 181, 184.) For example, the amended complaint would now explicitly include the ucsf.edu domain, as well as discovery into how UCSF

United States District Court
Northern District of California

uses its patient data with respect to Kiosk.[1] Thus, to conserve judicial resources by ensuring that the Court is not ruling on outdated discovery letters, the Court TERMINATES these discovery letters and ORDERS the parties to meet and confer within **fourteen days** as to these three discovery letters. The Court is confident that the parties should be able to resolve their disputes or at least significantly narrow them in light of the order granting the motion to file an amended complaint. If not, the parties may file a discovery letter(s) in accordance with the Court's standing order.

This order disposes of Dkt. Nos. 180, 181, and 184.

IT IS SO ORDERED.

Dated: November 18, 2026

KANDIS A. WESTMORE
United States Magistrate Judge

[1] The Court notes that with respect to two spreadsheets that were created by Kiosk, Defendant has asserted that these spreadsheets were created solely for the purpose of responding to Defendant's counsel's request for information in connection with its defense of this action. (Dkt. No. 184 at 4.) Although Plaintiffs complain that they cannot fathom how materials between Defendant and Kiosk can be protected by attorney-client privilege or work product privilege, Plaintiffs provide nothing to suggest that Defendant is misrepresenting the origin of the two spreadsheets. Rather, the fact that the spreadsheets were created at the behest of Defendant's counsel in connection with legal advice on this lawsuit would appear to fall within the work product privilege. *See Anderson v. Seaworld Parks & Entm't, Inc.*, 329 F.R.D. 628, 635 ("The work product doctrine . . . protects from discovery documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative.") (internal quotation omitted).